UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 AUG 20  PM 12: 27

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ARLEIGH LOUISON,<br>MYSTIQUE CHARLES,<br>    Defendants. | Docket No. 2:19-cr-109 |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

### INTRODUCTION

1. At all times relevant to this Indictment:

   a. The United States Citizenship and Immigration Services (USCIS) is an agency of the United States responsible for processing and reviewing various immigration and citizenship petitions including Petitions for Amerasian, Widow(er), or Special Immigrant, also known as Form I-360. Form I-360 is used by battered spouses, children, or parents to file an immigrant visa petition under the Immigration and Nationality Act (INA), as amended by the Violence Against Women Act (VAWA).

   b. Under the federal Violence Against Women Act (VAWA), a person may be eligible to become a lawful permanent resident (get a Green Card) if they are the victim of battery or extreme cruelty committed by a U.S. citizen spouse or former spouse, a U.S. citizen parent, a U.S. citizen son or daughter, a lawful permanent resident (LPR) spouse or former spouse, or an LPR parent.

   c. A person seeking a Green Card under the provisions of VAWA must file a Form I-360. In addition to the Form I-360, a person seeking a Green Card also must file a

1

Form I-485, which is an Application to Register Permanent Residence or Adjust Status. There is no fee charged by the United States for the filing of a Form I-360 under the provisions of VAWA. There is a $1225 fee for Form I-485. An applicant filing a Form I-485 may file a fee waiver using Form I-912.

d. VAWA petitions using Form I-360 are available to:

- Spouses and former spouses of abusive U.S. citizens or lawful permanent residents.

- Children of abusive citizens or lawful permanent residents who file before turning 25.

- An immigrant parent of an abused immigrant child, even if the immigrant parent is not herself abused.

- Non-citizen spouses whose children are abused by the child's other U.S. citizen or lawful permanent resident parent.

- Abused parent of a U.S. citizen child when that child is 21 years of age or older.

e. USCIS encourages petitioners to submit any credible relevant evidence that establishes their relationship to the abuser, the abuser's citizenship or immigration status, as well as evidence of the abuse, such as:

- Marriage and divorce decrees, birth certificates, or other evidence of the petioner's legal relationship to the abuser.

- Proof that the abuser and petitioner were married if filing as an abused spouse or child of an abused spouse.

- Evidence of the abuse, such as affidavits or reports from police, clergy, social workers, or medical personnel.

- A local police certificate that shows the petitioner is a person of good moral character.

- Evidence of the abuser's U.S. citizenship or lawful permanent resident status, such as a naturalization certificate.

2

- One or more documents showing that the petitioner and the abuser resided together in the past.

f. An initial VAWA petition utilizing Form I-360 is often filed in conjunction with separate forms for work authorization (I-765 Employment Authorization Document "EAD card") and permission to travel outside the United States (I-131 Application for a Travel Document). If the applicant files a successful fee waiver with his/her Form I-485, any fees for Forms I-765 and I-131 are also waived.

g. Separate and apart from the merits of the Form I-360 adjudication, a VAWA petitioner is eligible for an EAD card if the petitioner has a pending I-485 (Green Card) application. In other words, the petitioner would frequently receive a work card before the Form I-360 was adjudicated as long as they had a Form I-485 pending. Also, a petitioner becomes eligible for an EAD card once their VAWA petition using Form I-360 receives final approval.

h. When USCIS did not receive enough information to fully adjudicate a VAWA petition utilizing Form I-360 submitted by LOUISON, USCIS would ask LOUISON, as the preparer, for more information.

**COUNT ONE**

2. The allegations made in Paragraph 1 above are re-alleged and incorporated by reference as though fully set forth herein.

3. Between in or about December 2014 through in or about July 2019, in the District of Vermont and elsewhere, the Defendant, ARLEIGH LOUISON, knowingly and willfully conspired with MYSTIQUE CHARLES and others known and unknown to the Grand Jury to prepare and to present to USCIS false VAWA petitions using Form I-360 and accompanying forms for work authorization (I-765), a travel letter, a Green Card (I-485), and a fee waiver

3

(I-912). With regard to ARLEIGH LOUISON and MYSTIQUE CHARLES, their conduct as members of the conspiracy, including the reasonably foreseeable conduct of each of them and others known and unknown to the Grand Jury, involved preparing one or more false statements with respect to material facts in applications and other documents required by the immigration laws and regulations prescribed thereunder, and presenting one or more applications and other documents that contained false statements with respect to a material fact and that failed to contain a reasonable basis in law and fact, all in violation of Title 18, United States Code, Sections 1546(a) and 371.

4. It was part of the conspiracy that the defendant ARLEIGH LOUISON operated an immigration consulting business at 223 Lenox Road, Apartment A9, Brooklyn, New York. At all relevant times MYSTIQUE CHARLES was employed as defendant ARLEIGH LOUISON's assistant.

5. It was part of the conspiracy that LOUISON and CHARLES filed these VAWA petitions containing false information without the petitioners' knowledge or consent to the inclusion of false information, in order to obtain EAD cards and travel letters for those applicants.

6. It was part of the conspiracy that LOUISON and CHARLES caused the VAWA petitions, i.e., Form I-360s, containing false information and accompanying forms, including work authorization applications, to be submitted to USCIS in St. Albans, Vermont. The USCIS offices in St. Albans, Vermont and/or Essex, Vermont adjudicated the immigration forms LOUISON and CHARLES caused to be submitted.

7. To be more specific about the process, LOUISON, with assistance from CHARLES, would have the petitioners provide him with personal biographical information.

8. Using the biographical information provided to him by the petitioners, LOUISON, with assistance from CHARLES, would complete the Form I-360 by providing the name, date of birth, address of the petitioner and by falsely stating that the petitioner met the requirements of the VAWA Form I-360. LOUISON, with assistance from CHARLES, would also draft an I-765 to obtain the applicant an EAD, draft a Form I-485 to accompany the Form I-360, and draft an I-912 with fabricated information to obtain a fee waiver for the petitioner.

9. In particular, LOUISON frequently fabricated the petitioner's abuse claim as well as the U.S. citizenship or legal permanent resident status of the alleged abuser. In addition, LOUISON often would not inform the petitioner that the Form I-360 he was filing on their behalf stated that they were a victim of abuse. LOUISON would also include false information in the petitioners' fee waiver forms.

10. Without giving the applicant a chance to review the Form I-360, LOUISON, with assistance from CHARLES, would have the petitioner sign the Form I-360 containing false information, as well as the Form I-765, I-485, and I-912.

11. Until mid-2017, LOUISON would also sign the Form I-360, which included a preparer's attestation. ARLEIGH LOUISON, with assistance from CHARLES, would then cause the applications to be mailed to USCIS in St. Albans, Vermont for adjudication.

12. LOUISON claimed under the I-360 petition that the petitioner was an abused child, parent, or spouse of a U.S. citizen or legal permanent resident, but often would not supply enough supporting evidence to enable USCIS to fully adjudicate the petition.

13. When USCIS did not receive enough information to fully adjudicate a VAWA petition utilizing Form I-360 submitted by LOUISON, USCIS would ask LOUISON, as the preparer, for more information. Until mid-2017, when USCIS changed its procedures, USCIS would

allow a petitioner to receive an EAD card, i.e., work authorization, based on having a Form I-485 (Green Card) application pending. Therefore, LOUISON's clients could receive EAD cards before their Form I-360 petitions were adjudicated.

14. Because the EAD cards LOUISON obtained for his clients were only valid for one year, many petitioners returned to him year after year to refile their petitions. LOUISON, with assistance from CHARLES, would charge these petitioners as much as thousands of U.S. dollars to submit Form I-360s and associated immigration applications.

15. LOUISON unlawfully enriched himself and obtained money from individuals, by preparing and presenting to USCIS false VAWA petitions using Form I-360 and accompanying forms for work authorization, a travel letter, a Green Card, and a fee waiver. CHARLES worked with LOUISON at his immigration consulting business from 2015 through July 2019.

## OVERT ACTS

16. In furtherance of the conspiracy and to effect its objectives, within the District of Vermont and elsewhere, the defendants ARLEIGH LOUISON and MYSTIQUE CHARLES, committed and caused to be committed, among others, the following:

    a. On or about December 17, 2015, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of Trinidadian national MW falsely claiming she was an abused child of a U.S. citizen.

    b. On or about December 13, 2016, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of Trinidadian national MW falsely claiming she was an abused child of a U.S. citizen.

c. On or about August 9, 2015, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of Danish national MO falsely claiming he was an abused spouse of a U.S. citizen.

d. On or about August 9, 2015, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of Danish national EO falsely claiming she was an abused spouse of a U.S. citizen.

e. On or about January 2, 2016, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of Trinidadian national PC falsely claiming she was an abused child of a U.S. citizen.

f. On or about December 17, 2016, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of Trinidadian national TM falsely claiming she was an abused child of a U.S. citizen.

g. On or about January 10, 2017, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of Ghanaian national NG falsely claiming she was an abused child of a U.S. citizen.

h. On or about October 19, 2017, NF met in person with LOUISON and CHARLES at his office at 223 Lenox Road, Apartment A9, Brooklyn, New York. During the meeting, LOUISON filled out an immigration packet, including an I-360 for NF falsely stating that NF's five-year old daughter abused him and a I-912 falsely representing NF's monthly expenses. After LOUISON completed the documents, he placed them in a package with a mailing label and instructed NF to mail it once he departed LOUISON'S office. The USPS shipping label was dated October 19, 2017

with tracking number 9405 5036 9930 0117 1991 15 and addressed to "ATTN VAWA USCIS, 75 Lower Welden St, Saint Albans, VT 05479-9000."

i. On or about June 21, 2019, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of SA, a Trinidadian national, falsely claiming she was abused by her husband, an individual who does not appear to exist.

j. On or about July 18, 2019, LOUISON and CHARLES submitted an immigration packet, including an I-360, on behalf of VB, a national of Grenada, falsely claiming he was abused by his twelve year old daughter.

(18 U.S.C. § 371)

## COUNTS TWO THROUGH THIRTEEN

17. The allegations contained in paragraphs one, and paragraph four through sixteen are re-alleged and incorporated as if fully set forth in this paragraph.

18. On or about the dates set forth below, within the District of Vermont and elsewhere, the defendant, ARLEIGH LOUISON, did knowingly present applications and documents required by the immigration laws and regulations prescribed thereunder, to wit: Form I-360s, I-765s, I-485s, and I 912s, that contained false statements as to material facts and which failed to contain any reasonable basis in law and fact:

| Count | Date (on or about) | Name |
| --- | --- | --- |
| 2 | December 17, 2015 | M.W. |
| 3 | December 13, 2016 | M.W. |
| 4 | August 9, 2015 | M.O. |
| 5 | August 9, 2015 | E.O. |
| 6 | January 2, 2016 | P.C. |
| 7 | October 5, 2016 | P.C. |
| 8 | June 20, 2017 | P.C. |
| 9 | January 2, 2018 | P.C. |
| 10 | December 26, 2014 | T.M. |

9

| 11 | December 12, 2015 | T.M. |
| 12 | December 17, 2016 | T.M. |
| 13 | January 10, 2017 | N.G. |

(18 U.S.C. §§ 1546(a) & 2)

## FORFEITURE NOTICE

1. The allegations contained in Count One of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981 (a)(1)(C) and 982 (a)(6) and 28 U.S.C. § 2461 (c);

2. Pursuant to 18 U.S.C. § 981 (a)(1)(C) and 982 (a)(6) and 28 U.S.C. § 2461 (c), upon conviction of an offense in violation of 18 U.S.C. § 371, the defendant, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

   (a)   $79,119 in U.S. currency that was seized on or about July 23, 2019 at 223 Lenox Rd., Apt. A9, Brooklyn, New York.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

   (1)   cannot be located upon the exercise of due diligence;

   (2)   has been transferred or sold to, or deposited with, a third party;

   (3)   has been placed beyond the jurisdiction of the court;

   (4)   has been substantially diminished in value; or

   (5)   has been commingled with other property which cannot be subdivided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

A TRUE BILL

███████████ ──────────────
FOREPERSON

*Christina E. Nolan* (JAO/NPK)
CHRISTINA E. NOLAN
United States Attorney
Burlington, Vermont
August 20, 2020